IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| GEORGE WEBB | : | CIVIL CASE NO: |
| | : | |
| V. | : | JUDGE: |
| | : | |
| LINCOLN PARISH SHERIFF'S OFFICE, | : | |
| and SHERIFF MIKE STONE | : | MAGISTRAGE: |
| in his individual and official Capacity | : | JURY DEMAND |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes GEORGE WEBB, ("Plaintiff" or "Webb"), who respectfully represents the following:

## NATURE OF ACTION

1. Webb, a former employee of the Lincoln Parish Sheriff's Office ("LPSO"), seeks redress for his unlawful termination by Sheriff Mike Stone ("Sheriff Stone") and the LPSO. Specifically, on August 14, 2017, Sheriff Mike Stone and the LPSO terminated the employment of Webb, because of political affiliation and favoritism, and in violation of Webb's rights under the Constitution of the United States and the State of Louisiana and without due process of law.

2. This is a case of official retaliation, harassment and intimidation, resulting in violations of Plaintiff's constitutional right to seek political office. Webb files this suit seeking reinstatement, in order to stop these unconstitutional affronts committed by the Defendants, and to recover damages for illegal action.

## JURISDICTION AND VENUE

3. This action arises under the First and Fourteenth Amendments to the United States Constitution, as made applicable to the Defendants by the due process clause of the Fourteenth

1

Amendment thereto, under Sections 1983, 1988(b) and (c), Title 42 of the United States Code and under the Louisiana Constitution.

4. This Court has original subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331 and 1343 because this is a civil action to recover damages under an Act of Congress for the protection of civil rights.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b). Defendants reside in the Western District of Louisiana, Monroe Division. Moreover, a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and division.

6. This Court may exercise personal jurisdiction over the Defendants, because they are residents of the Western District of Louisiana, Monroe Division.

## THE PARTIES

7. PLAINTIFF:

George Webb is an adult male citizen of the United States who resided in Lincoln Parish, Louisiana, during all times referenced herein.

8. DEFENDANTS:

A. Lincoln Parish Sheriff's Office, a municipal corporation, that may be served through Sheriff Mike Stone.

B. Sheriff Mike Stone, Sheriff of the Lincoln Parish. Sheriff Stone is sued in his individual and official capacities as the policy-maker and agent of the appointing authority for LPSO.

## FACTUAL ALLEGATIONS

9. Webb was employed as a Deputy Sheriff of the LPSO from June 2, 1990 until August 14, 2017. The position Webb last held was the position of Deputy Sheriff, Lieutenant Criminal Investigations. Up to, and including, the date of the termination of his employment, Webb had received excellent performance evaluations and numerous commendations for his exemplary service.

10. On or about August 10, 2017, Webb engaged in a constitutionally protected activity when he informed Sheriff Stone that he would qualify for candidacy and intended to run for the office of Sheriff of Lincoln Parish. Webb had been previously informed that Sheriff Stone did not intend to requalify in 2019, and that he was supporting another person, Mr. Stephen Williams ("Williams"), Deputy Sheriff of the LPSO, for the job.

11. In response to Webb's statement, Sheriff Stone responded, "Well, then, you need to resign."

12. Webb informed Sheriff Stone that he did not intend to resign, and that Sheriff Stone would have to fire him if he thought that was necessary. Sheriff Stone responded that, "if you are politicking for Sheriff that will be a detriment to our office. You will be terminated if you continue. All I got to tell you is that will be your plane ticket out of here." Sheriff Stone was fully aware that Mr. Williams was already politicking for Sheriff in public forums.

13. Nothing occurred following this meeting. Within four (4) days of Webb's conversation with Sheriff Stone, Webb received a letter terminating his employment with the LPSO that was based on his August 10, 2017, conversation with Sheriff Stone. The letter explained that Sheriff Stone believed that Webb had engaged in conduct disruptive of "unity, loyalty and trust" (i.e. Webb had declared his intention to run for the office of Sheriff in 2019).

14. The decision to terminate the employment of Webb was not based on any legitimate workplace performance issue, but was based upon political favoritism and affiliation and on Webb's stated intent to qualify and run for the office of Sheriff in 2019.

15. Webb was not afforded a hearing and was not afforded due process of law with respect to the termination of his employment.

16. Sheriff Stone's adverse actions were substantially motivated against Webb as a result of his exercise of constitutionally protected conduct.

17. Webb has suffered both economic and non-economic damages as a result of these violations.

## CLAIMS FOR RELIEF

### Count One: Violation Of 42 U.S.C. §1983 For First Amendment Retaliation

18. The preceding paragraphs are incorporated into each count below by reference.

19. Webb was and is guaranteed certain rights under the First Amendment to the United States Constitution to be free from discrimination based upon political affiliation, sponsorship and favoritism.

20. Webb was terminated because he told Sheriff Stone that he intended to run for the office of Sheriff of Lincoln Parish, which otherwise should be considered implied speech that he was not going to support Sheriff Stone's preferred candidate.

21. Defendant, Sheriff Stone, did not consider Webb to be a political ally of himself or of the Democratic party.

22. Stone was well informed of Webb's political affiliations with the party and administration.

23. Prior to his termination, Webb had no close contact with any Lincoln Parish policymakers.

24. Prior to his termination, Webb had no highly confidential communication with any Lincoln Parish policymakers.

25. Prior to his termination, Webb had no autonomous or discretionary authority.

26. Prior to his termination, Webb did not participate in determining policy, which fixed objectives, or stated principles to control action toward operating objectives, or toward the conduct of Lincoln Parish and/or the office of Sheriff of Lincoln Parish or any other administrative units immediately subordinate to the Sheriff of Lincoln Parish, Mike Stone.

27. Prior to his termination, Webb's actions were at all-time subject to the approval by Defendants, as well as, additional levels of management approval.

28. Prior to his termination, Webb did not act authoritatively on any policy-making issue impacting Lincoln Parish and/or Sheriff of Lincoln Parish or their operations.

29. Prior to his termination, Webb had no meaningful input into government decisions making on issues where there was room for principled disagreement on goals or their interpretation.

30. Prior to his termination, Webb did not act as an advisor to Defendants, nor did Webb formulate plans for implementation of broad goals.

31. Prior to his termination, Webb's responsibilities were tightly constrained by state, parish and department rules and regulations.

32. Prior to his termination, Webb had no broad discretionary policymaking powers.

33. Webb's termination did not further any vital government interest.

34. Webb's termination did not further a vital government interest by means that was the least restrictive to freedom of speech and association.

35. The effective operation of government was not compromised by Webb's political affiliation or declared intent to run for the office of Sheriff of Lincoln Parish.

36. Political affiliation is not an appropriate requirement for effective performance of Webb's position.

37. Webb's position as deputy with the LPSO is not a policy- making position for which political affiliation is an appropriate requirement for the effective performance of that position.

38. Sheriff Stone unlawfully based his decision to terminate Webb based upon Webb's declaration that he would run for the office of Sheriff of Lincoln Parish and upon Sheriff Stone's belief of Webb's political affiliation, support and allegiance.

39. Defendants, acting under the color of state law, deprived Webb of his rights under the First Amendment of the United States Constitution in violation of 42 U.S.C. §1983 and legal precedents clearly established at the time of the termination.

40. Defendants' actions were and are the proximate cause of injury and damage to Webb.

41. Defendants' actions to terminate Webb in violation of his First Amendment rights of free speech and association irreparably harmed Webb.

42. The actions of all Defendants were intentional, willful, and malicious and/or in reckless disregard for Webb's rights as secured by 42 U.S.C. §1983, as amended by the Civil Rights Action of 1991, in violation of the United States Constitution as applicable to the states by the Fourteenth Amendment and in violation of Louisiana Constitution Article 1, Section 7.

43. Defendants' actions were done with deliberate oppression and were done willfully or with such gross negligence as to indicate wanton disregard for rights of Webb.

44. The actions of Defendants were taken in an effort to terminate Webb for reasons wholly unrelated to legitimate objective.

45. The actions of Defendants in terminating Webb are likely to chill the exercise of constitutionally protected free speech and association of others in a comparable position.

46. Webb was terminated without cause or justification.

47. No reasonable cause or justification existed to terminate Webb's employment.

48. By wrongfully discharging Webb without cause or justification Defendants acted willfully and with malice toward Webb.

49. Upon information and belief the Parish of Lincoln supports, through its policies and customs an unlawful patronage system, and Defendant's actions in terminating Webb furthered the same.

50. As a direct and proximate result of the actions of the Defendants in intentionally making unlawful patronage-based employment decisions to the detriment of Webb has caused Webb great mental anguish, humiliation, degradation, physical and emotion pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Webb requests that this Honorable Court enter judgment in favor of Webb and award Webb:

    A. a permanent injunction ordering Defendants to reinstate Plaintiff to the position of Deputy Sheriff, Lieutenant Criminal Investigations, with all attendant wages and benefits, retroactive to August 14, 2017;

B. Compensatory damages to Plaintiff in an amount to be proven at trial of this matter, jointly and severally against each of the named Defendants;

C. Punitive damages as allowed by law;

D. All wages and benefits Plaintiff would have received but for the unlawful discrimination, including pre-judgment interest;

E. Attorneys' fees and costs and expenses of this litigation as permitted by 42 U.S.C., U.S.C. §1988; and

F. Grant such other relief as the Honorable Court deems just and equitable.

### Count Two: 42 U.S.C. § 1983 Violation of Due Process in Violation of the Fourteenth Amendment

51. Webb realleges all of the above paragraphs as though fully set forth herein.

52. Webb has a property interest in his continued employment with the LPSO as well as benefits, such as salary associated with that employment, which could not be lawfully taken away without due process of law. This property interest was created by, among other things, (i) promise of future employment, a (ii) payroll deductions, and (iii) other actions, which gave Webb a legitimate claim of entitlement to his job as Deputy Sheriff of LPSO. On August 14, 2017, Webb was terminated, without cause and for improper purposes, from his employment with the LPSO.

53. Prior to his termination Webb was not afforded any hearing nor independent arbitration.

54. To date Webb has not been afforded a hearing relating to the merits of his termination.

55. The Defendants' deprivation of Webb's rights without due process has caused Webb great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

56. The actions of Defendants were intentional, willful, and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. §1983, as amended by the Civil Rights Act of 1991, in violation of the United States Constitution, as applicable to the states by the Fourteenth Amendment.

WHEREFORE, Webb requests that this Honorable Court enter judgment in favor of Webb and award Webb:

A. a permanent injunction ordering Defendants to reinstate Plaintiff to the position of Deputy Sheriff, Lieutenant Criminal Investigations, with all attendant wages and benefits, retroactive to August 14, 2017;

B. Compensatory damages to Plaintiff in an amount to be proven at trial, jointly and severally against each of the named Defendants;

C. Punitive damages as allowed by law;

D. All wages and benefits Plaintiff would have received, but for the unlawful discrimination, including pre-judgment interest;

E. Attorneys' fees and costs and expenses of this litigation; and

F. Grant such other relief as the Honorable Court deems just and equitable.

**Count Three: Claim for Violations of the Louisiana Constitution Against All Defendants**

57. Webb realleges all of the above paragraphs as though fully set forth herein.

58. The Louisiana State Constitution, like the United States Constitution, guarantees a person's right to be free from political retaliation, to equal protection, to due process of law, and to additional unenumerated rights. See La. Cost. Art. I, §§ 2 and 8 of the Louisiana State Constitution.

59. By reason of the same intentional, malicious, reckless and deliberate conduct that violated Plaintiff's rights under the United States Constitution, Defendants' conduct violated the rights guaranteed to Plaintiff under Article I, §§ 2 and 8 of the Louisiana State Constitution.

60. Under Louisiana law, termination of employment in violation of procedural due process rights renders the termination a nullity.

61. These violations by Defendants of the Louisiana State Constitution proximately and directly caused Plaintiff to suffer physical, emotional and pecuniary damages as described above.

WHEREFORE, Webb requests that this Honorable Court enter judgment in favor of Webb and award Webb:

A. Declaration that the termination of Webb's employment in violation of due process rights renders the termination a nullity;

B. a permanent injunction ordering Defendants to reinstate Plaintiff to the position of Deputy Sheriff, Lieutenant Criminal Investigations, with all attendant wages and benefits, retroactive to August 14, 2017;

C. Compensatory damages to Plaintiff in an amount to be proven at trial, jointly and severally against each of the named Defendants;

D. Punitive damages as allowed by law;

E. All wages and benefits Plaintiff would have received, but for the unlawful discrimination, including pre-judgment interest;

F. Attorneys' fees and costs and expenses of this litigation; and

G. Grant such other relief as the Honorable Court deems just and equitable.

## JURY DEMAND

62. Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment, Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a judgment for actual damages against the Defendants, punitive damages against the individual Defendants, attorneys' fees and costs as available by relevant statutes and laws, and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By: /s/ Allison A. Jones
ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| GEORGE WEBB | : | CIVIL CASE NO: |
| | : | |
| V. | : | JUDGE: |
| | : | |
| LINCOLN PARISH SHERIFF'S OFFICE, | : | |
| and SHERIFF MIKE STONE | : | MAGISTRAGE: |
| in his individual and official Capacity | : | JURY DEMAND |

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared GEORGE WEBB, who did depose and state that he is the Plaintiff in the foregoing Complaint, that he has read the Complaint, and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
GEORGE WEBB

SWORN TO AND SUBSCRIBED before me, Notary Public, this 11th day of December, 2017.

_____
NOTARY PUBLIC

CATHERINE FRECHETTE
NOTARY PUBLIC, ID# 15447
LINCOLN PARISH, LA
MY COMMISSION IS FOR LIFE

1